Commonwealth *v.* Fitzgerald.

---

COMMONWEALTH *vs.* JOHN J. FITZGERALD.

Hampshire.     January 3, 1966. — January 11, 1966.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Sex Offender.   Practice, Civil,* Sex offender.

A prisoner under sentence when a motion under G. L. c. 123A, § 6, was allowed for his commitment to a treatment center for sixty days observation and diagnosis as a possibly sexually dangerous person was properly held in custody after his sentence had ended and the sixty days had subsequently expired and until allowance of a petition for his commitment to the center for treatment and rehabilitation filed shortly after the report of the examining psychiatrists and expiration of the sixty day period.

If the procedure under G. L. c. 123A, § 6, leading to commitment of one to a treatment center as a sexually dangerous person is properly commenced while he is a prisoner under sentence, the further steps in the procedure need not be taken while he remains a prisoner under sentence.

PETITION for commitment filed in the Superior Court on January 15, 1962.

---

Questions of law arising in the proceeding were reported by *Noonan, J.*

*Raymond R. Cross* for the defendant.

*Oscar Grife,* Assistant District Attorney, for the Commonwealth.

WHITTEMORE, J.   The defendant in 1961 was confined at the State farm under a sentence for drunkenness, ending November 19, 1961.   On October 30, 1961, a motion was allowed in the Superior Court for the commitment of the defendant to the treatment center, Bridgewater, for sixty days observation and diagnosis under G. L. c. 123A, § 6, as a person appearing to be sexually dangerous.   The defendant was not released on November 19, 1961.   The report of psychiatrists required by § 6 was filed on December 28, 1961.   A petition for commitment of the defendant for treatment and rehabilitation was filed on January 15, 1962, and heard and allowed on March 8, 1962.   Thereafter the defendant filed a motion to quash the proceedings and free the defendant.

The case is here on report by a judge of the Superior Court on these questions: (1) Whether the defendant could be held in custody after his sentence had been served and before the petition for commitment had been filed; (2) Whether all the procedures for commitment must be initiated while the defendant remained a prisoner under sentence.

The answer to the first question is "Yes" and to the second "No."   In *LaMorre* v. *Superintendent of Bridgewater State Hosp.* 347 Mass. 534, 537, the petitioner was still a prisoner when the petition for commitment for treatment and rehabilitation was filed.   We held that "inasmuch as the proceedings required by § 6 were properly commenced while the petitioner was a prisoner, the fact that he was not a prisoner when he was finally found to be sexually dangerous does not invalidate the commitment."   The opinion referred to the fifth paragraph of § 6 which provides, "Pending the completion of such hearing [on the petition], the court may order that the prisoner be retained in . . . cus-

tody . . ..'' There is no express provision for continuing custody from the expiration of the sixty day observation period until the filing of the petition but we think the statutory intention is clear that, if proceedings have been begun while the defendant is a prisoner, custody may be retained and the proceedings carried to completion in due course.

The motion to quash and to free the defendant is to be denied.

*So ordered.*